# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| MARY KEATING, et al., | 3:08-CV-0609-BES (RAM) |
| Plaintiffs, | |
| vs. | **ORDER** |
| JAMES ARTHUR GIBBONS, et al., | |
| Defendants. | |

Before the court is the motion of defendants, James Gibbons and Andrew Clinger ("Governor Gibbons" and "Mr. Clinger") for reconsideration of this court's order regarding the early neutral evaluation session (#18). Plaintiff opposed (#29) and defendants replied (#36). For the reasons set forth herein, defendants' motion is denied.

The Federal Rules of Civil Procedure do not contemplate reconsideration of interlocutory orders, such as an order granting a partial motion to dismiss. *See, e.g.,* Fed. R. Civ. P. 60(b) (specifying that this rule only applies to "a final judgment, order, or proceeding"). However the court "possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient" so long as it has jurisdiction. *City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 885 (9th Cir. 2001). This plenary power derives from the common law, and is not limited by the provisions of the Federal Rules of Civil Procedure, so long as it is not exercised inconsistently with those rules. *See id.* at 886-87. Although several districts in the Ninth Circuit have adopted local rules governing reconsideration of interlocutory orders, *see Motorola, Inc. v. J.B. Rodgers Mechanical Contractors, Inc.,* 215 F.R.D. 581, 583-85 (D. Ariz. 2003) (collecting examples), this court has not done so. Instead, it has utilized the standard for a motion to alter or amend judgment under Rule 59(e) when evaluating motions to reconsider an interlocutory order.

A motion to reconsider must set forth the following: (1) some valid reason why the court should revisit its prior order; and (2) facts or law of a "strongly convincing nature" in support of reversing the prior decision. *Frasure v. U.S.*, 256 F. Supp. 2d 1180, 1183 (D. Nev. 2003). Reconsideration may be appropriate if (1) the court is presented with newly considered evidence; (2) has committed clear error; or (3) there has been an intervening change in controlling law. *Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). "There may also be other, highly unusual, circumstances warranting reconsideration." *School Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc.,* 5 F.3d 1255, 1263 (9th Cir. 1993). A motion for reconsideration is properly denied where it presents no new arguments, *see Backlund v. Barnhart*, 778 F.2d 1386, 1388 (9th Cir. 1985). By the same token, however, it "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Kona Enterprises, Inc.,* 229 F.3d at 890. As the caselaw indicates, motions to reconsider are granted sparingly. *See, e.g., School Dist. No. 1J*, 5 F.3d at 1263.

The court finds that defendants do not meet the standards for reconsideration of the court's prior order. Defendants make two arguments in support of their motion for reconsideration. First, defendants contend that Governor Gibbons and Mr. Clinger, the Governor's Budget Director, are high government officials with a myriad of duties that require their daily attention. In particular, the Nevada Legislature is currently in session, and given the current state budget crisis, they cannot take time away from their duties to participate in an afternoon ENE session, which typically begins at 1:30 p.m. and concludes at 5:00 p.m. Defendants made this argument at the January 28, 2009 pre-ENE status conference, and the court allowed defendants to reschedule the ENE within a ninety-day period to accommodate their schedules. The court is keenly aware of the press of business at the Nevada Legislature and anticipated that defendants could select an afternoon during that period that would not conflict with state business. The court also noted that as with other parties who attend court proceedings, they are free to conduct business during those periods in the ENE when they are not in session with the court. There is no basis for the court to revisit its prior order, defendants offer no newly discovered evidence or arguments, there has been no intervening change in controlling law, and the court did not commit clear error in issuing its prior order.

Second, defendants ask that Christopher Nielson, the Governor's counsel, be allowed to attend the ENE in place of the defendants, with the understanding that Mr. Nielson will have complete settlement authority for both defendants. In support of this request, the defendants cite this court's routine practice of excusing government officials from attending such proceedings, and allowing the State to send a representative with full settlement authority. Defendants are correct that in Section 1983 inmate litigation, the court does not generally require prison wardens to attend early mediations and settlement conferences. The reason for this is that inmate plaintiffs routinely name high government officials, prison wardens, and even members of state boards as defendants. Typically, those parties are named in their official capacities, as opposed to allegations that they are personally and directly involved in facts alleged in the complaint.

In contrast, plaintiff alleges in her complaint that Mr. Clinger personally terminated her employment with the State of Nevada and that Governor Gibbons expressed an interest in terminating her employment with the State in retaliation for allegedly communicating with members of the press (#1-2). Plaintiff alleges that Governor Gibbons and Mr. Clinger formed a plan to terminate her employment in retaliation for the alleged communications with members of the press. *Id.* Plaintiff alleges that the defendants were personally involved in a decision to terminate her employment and that such action was unrelated to her work performance. *Id.*

Because these allegations suggest that the defendants had direct and personal involvement in the claims alleged in the complaint, their presence is required at the ENE, and a substitute will not do. The court notes that defendants made this argument on January 28, 2009, and the court was not persuaded to excuse their attendance at the ENE. Defendants have offered no new evidence, no intervening change in controlling law, nor did the court commit clear error in issuing its prior order. Defendants' motion for reconsideration is denied.

The court notes that the discovery plan and scheduling order provides for a discovery cutoff date of December 31, 2009 (#11). This extension for completion of discovery affords some latitude in conducting the ENE in this matter. To accommodate the press of business at the Nevada Legislature,

3

the parties shall contact this court's deputy court clerk, Lisa Mann (775-686-5653), no later than **Friday, April 10, 2009**, to reschedule the ENE for a date between June 22, 2009 and July 10, 2009.

Based upon the foregoing, the defendants' motion (#18) is **DENIED.**

**IT IS SO ORDERED.**

DATED: March 20, 2009.

*Valerie P. Cooke*
_____
UNITED STATES MAGISTRATE JUDGE